10/22/2021- Rec'd By Mail Not Prop Add From Plts Atty

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
Superior Court of California
County of Riverside
5/5/2021
V. Lopez
Electronically Filed

RECEIVED
OCT 25 2021
U.S. Attorney's Office
Civil Dockets

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

*1st Attempt / Not Proper

EVAN SCHWENK, M.D., an individual; DESERT REGIONAL MEDICAL CENTER; CALIFORNIA HEALTH AND HUMAN SERVICES; CALIFORNIA DEPARTMENT OF PUBLIC HEALTH; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
FLORENCE BRAVO, an individual

*1 of 3 copies in different envelopes

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov)*, en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org)*, en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER *(Número del Caso):* **CVPS2102279**

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way
Palm Springs, CA 92262

NO Record

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Carlo C. Ignacio 259608 Chung & Ignacio, llp
8577 Haven Avenue, Suite 306 (909)652-3022
Rancho Cucamonga, CA 91730

DATE: *(Fecha)* **5/5/2021** Clerk, by *(Secretario)* V. Lopez, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE — EUREKA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

CN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **HEMET** 880 N. State St., Hemet, CA 92543
☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553
☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☒ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501
☐ **TEMECULA** 41002 County Center Dr., #100, Temecula, CA 92591

RI-CI032

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address)
Carlo C. Ignacio, Esq.
CHUNG & IGNACIO, LLP
8577 Haven Avenue, Suite 306
Rancho Cucamonga, CA 91730
TELEPHONE NO: (909)652-3022 FAX NO. (909)652-3023
E-MAIL ADDRESS (Optional): cignacio@ci-attorneys.com
ATTORNEY FOR (Name): Florence Bravo

FOR COURT USE ONLY

**FILED**
Superior Court of California
County of Riverside
5/5/2021
V. Lopez
Electronically Filed

PLAINTIFF/PETITIONER: Florence Bravo

DEFENDANT/RESPONDENT: Evan Schwenk, M.D.

CASE NUMBER: **CVPS2102279**

**CERTIFICATE OF COUNSEL**

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of: 92262

☐ The action concerns real property located in the zip code of: ____________

☐ The Defendant resides in the zip code of: ____________

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date 05/05/2021

Carlo C. Ignacio
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION) (SIGNATURE)

CARLO C. IGNACIO, ESQ. (S.B.N. 259608)
CAROL J. NAJERA, ESQ. (S.B.N. 327950)
CHUNG & IGNACIO, LLP
8577 Haven Avenue, Suite 306
Rancho Cucamonga, CA 91730
Telephone: (909) 652 - 3022
Facsimile: (909) 652 - 3023

Attorneys for Plaintiff, FLORENCE BRAVO

FILED
Superior Court of California
County of Riverside
5/5/2021
V. Lopez
Electronically Filed

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF RIVERSIDE**

FLORENCE BRAVO, an individual;

Plaintiff,

vs.

EVAN SCHWENK, M.D., an individual; DESERT REGIONAL MEDICAL CENTER; CALIFORNIA HEALTH AND HUMAN SERVICES; CALIFORNIA DEPARTMENT OF PUBLIC HEALTH; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; and DOES 1 through 50, inclusive;

Defendants.

**CASE NO.:** CVPS2102279

**COMPLAINT FOR**

1. **PROFESSIONAL NEGLIGENCE**
2. **PROFESSIONAL NEGLIGENCE**
3. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**[DEMAND FOR JURY TRIAL]**

Comes now Plaintiff, FLORENCE BRAVO, an individual, based on information and belief alleges the following causes of action against Defendants EVAN SCHWENK, M.D.; DESERT REGIONAL MEDICAL CENTER; CALIFORNIA HEALTH AND HUMAN SERVICES; CALIFORNIA DEPARTMENT OF PUBLIC HEALTH; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; and DOES 1 through 50, inclusive.

///

**PARTIES**

1. Plaintiff, FLORENCE BRAVO (hereinafter referred to as "Plaintiff"), an individual, at all times relevant herein, was and is a resident of the County of Riverside, California.
2. Defendant, DESERT REGIONAL MEDICAL CENTER (hereinafter referred to as Defendant DESERT REGIONAL), is doing business in the County of Riverside, State of California, governed by the State of California.
3. Plaintiff is informed and believes and based upon such information and belief alleges that at all times relevant hereto Defendant EVAN SCHWENK, M.D., an individual, (hereinafter referred to as Defendant SCHWENK) was and is a resident of the County of Riverside, State of California, and was at all relevant times herein an employee of Defendant DESERT REGIONAL.
4. Plaintiff is informed and believes and thereon alleges that the CALIFORNIA HEALTH AND HUMAN SERVICES is a public entity that operates under the laws of the State of California.
5. Plaintiff is informed and believes and thereon alleges that the CALIFORNIA DEPARTMENT OF PUBLIC HEALTH is a public entity that operates under the laws of the State of California.
6. Plaintiff is informed and believes and thereon alleges that the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES is a public entity that operates under the laws of the United States.
7. Plaintiff is informed and believes and thereon alleges that DESERT REGIONAL is operated and authorized by the CALIFORNIA HEALTH AND HUMAN SERVICES, CALIFORNIA DEPARTMENT OF PUBLIC HEALTH, and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES.
8. Defendants DESERT REGIONAL, SCHWENK, CALIFORNIA HEALTH AND HUMAN SERVICES, CALIFORNIA DEPARTMENT OF PUBLIC HEALTH, and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, and DOES 1 through 50, inclusive, are collectively referred to as "Defendants."

**CARLO C. IGNACIO, ESQ. (S.B.N. 259608)**
**CAROL J. NAJERA, ESQ. (S.B.N. 327950)**
**CHUNG & IGNACIO, LLP**
8577 Haven Avenue, Suite 306
Rancho Cucamonga, CA 91730
Telephone: (909) 652 - 3022
Facsimile: (909) 652 - 3023

Attorneys for Plaintiff, FLORENCE BRAVO

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF RIVERSIDE**

FLORENCE BRAVO, an individual;

Plaintiff,

vs.

EVAN SCHWENK, M.D., an individual; DESERT REGIONAL MEDICAL CENTER; CALIFORNIA HEALTH AND HUMAN SERVICES; CALIFORNIA DEPARTMENT OF PUBLIC HEALTH; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; and DOES 1 through 50, inclusive;

Defendants.

**CASE NO.:**

**COMPLAINT FOR**

1. **PROFESSIONAL NEGLIGENCE**
2. **PROFESSIONAL NEGLIGENCE**
3. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**[DEMAND FOR JURY TRIAL]**

Comes now Plaintiff, FLORENCE BRAVO, an individual, based on information and belief alleges the following causes of action against Defendants EVAN SCHWENK, M.D.; DESERT REGIONAL MEDICAL CENTER; CALIFORNIA HEALTH AND HUMAN SERVICES; CALIFORNIA DEPARTMENT OF PUBLIC HEALTH; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; and DOES 1 through 50, inclusive.

///

**PARTIES**

1. Plaintiff, FLORENCE BRAVO (hereinafter referred to as "Plaintiff"), an individual, at all times relevant herein, was and is a resident of the County of Riverside, California.

2. Defendant, DESERT REGIONAL MEDICAL CENTER (hereinafter referred to as Defendant DESERT REGIONAL), is doing business in the County of Riverside, State of California, governed by the State of California.

3. Plaintiff is informed and believes and based upon such information and belief alleges that at all times relevant hereto Defendant EVAN SCHWENK, M.D., an individual, (hereinafter referred to as Defendant SCHWENK) was and is a resident of the County of Riverside, State of California, and was at all relevant times herein an employee of Defendant DESERT REGIONAL.

4. Plaintiff is informed and believes and thereon alleges that the CALIFORNIA HEALTH AND HUMAN SERVICES is a public entity that operates under the laws of the State of California.

5. Plaintiff is informed and believes and thereon alleges that the CALIFORNIA DEPARTMENT OF PUBLIC HEALTH is a public entity that operates under the laws of the State of California.

6. Plaintiff is informed and believes and thereon alleges that the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES is a public entity that operates under the laws of the United States.

7. Plaintiff is informed and believes and thereon alleges that DESERT REGIONAL is operated and authorized by the CALIFORNIA HEALTH AND HUMAN SERVICES, CALIFORNIA DEPARTMENT OF PUBLIC HEALTH, and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES.

8. Defendants DESERT REGIONAL, SCHWENK, CALIFORNIA HEALTH AND HUMAN SERVICES, CALIFORNIA DEPARTMENT OF PUBLIC HEALTH, and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, and DOES 1 through 50, inclusive, are collectively referred to as "Defendants."

9. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 50 inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend the complaint to allege their true names and capacities when sufficient facts are ascertained through the discovery process to properly include them in this lawsuit. Plaintiff alleges that each DOE defendant is responsible in some manner for the occurrences herein alleged and that his losses as herein set forth were proximately caused by these Defendants, who may be individuals, businesses, partnerships, associations, corporations, or interstate facilities and enterprises.

10. At all times material to this Complaint, the defendant, including DOES, was the agent, partner, servant, fiduciary, employee, and representative of each of its co-defendants, including DOES, and, in so doing the acts and omissions stated in this Complaint, was acting within the scope of its authority as agent, partner, servant, fiduciary, employee, and representative, and with the permission and consent of the others.

11. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the defendants, including all defendants sued under fictitious names, was the agent and employee of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of this agency or employment.

## JURISDICTION AND VENUE

12. Venue and jurisdiction are proper in this Court because the causes of action herein alleged took place at Defendant's business address located in the City of Palm Springs, County of Riverside, State of California.

13. This court has jurisdiction over Defendants because of each of them knowingly committed some or all of the acts that form the basis of this Complaint in this jurisdiction and purposely availed themselves of the privileges and benefits from conducting business in Riverside County.

14. Venue and jurisdiction are also proper because the damages sought by Plaintiff exceeds the minimum jurisdictional amount of this court.

**GENERAL ALLEGATIONS**

15. Plaintiff re-alleges all allegations above, with the same force and effect, as if they were set forth at length herein.

16. On or about May 12, 2020, Plaintiff, a patient in labor at DESERT REGIONAL, operated and authorized by the CALIFORNIA HEALTH AND HUMAN SERVICES, CALIFORNIA DEPARTMENT OF PUBLIC HEALTH, and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, underwent a surgical procedure known as a cesarean delivery, also known as a c-section, to deliver her fetus through an incision in her abdomen and uterus.

17. The procedure was performed by defendant SCHWENK, who, during the course of the procedure, inadvertently injured Plaintiff's colon; at which point a general surgeon, Dr. Jamieson, was called into the labor and delivery room "stat" for a consultation.

18. Dr. Jamieson treated Plaintiff's colon injury by performing a procedure known as a sigmoid resection and fixing Plaintiff with a colostomy bag. Thereafter, Plaintiff was discharged from DESERT REGIONAL with the colostomy bag still inserted.

19. The injury to Plaintiff's colon caused Plaintiff to suffer extreme abdominal and back pain, as well as chills and rigors in the days following her discharge from DESERT REGIONAL. Being in such condition prevented Plaintiff from holding, caring for, or enjoying her time with her newborn infant.

20. Further, the injury caused Plaintiff to require further medical treatment, including on or about May 16, 2020, when Plaintiff was forced to visit an emergency medical room due to her suffering from a high fever and extreme abdominal pain.

21. Plaintiff is informed and believes that, Defendant SCHWENK was careless in his performance of the cesarean section procedure performed on Plaintiff, and that such carelessness resulted in the injury to Plaintiff's colon, the need for additional follow up care, Plaintiff suffering extreme physical pain, and Plaintiff losing valuable and irreplaceable time with Plaintiff's newborn infant.

22. On or about September 01, 2020, through her attorneys, Plaintiff provided Defendants,

each of them, with Plaintiff's Notice of Intent to Sue pursuant to California Code of civil Procedure section 364 (a true and correct copy of Plaintiff's Notice of Intent is attached hereto and fully incorporated as **Exhibit A**).

23. On or about October 1, 2020, through her attorneys, Plaintiff provided Defendants, each of them, with Plaintiff's Notice of Intent to Sue pursuant to California Code of Civil Procedure section 364, which also included Standard Form 95 Claim for Damage, Injury, or Death (a true and correct copy of Plaintiff's Notice of Intent to sue is attached hereto and fully incorporated as **Exhibit B**).

**FIRST CAUSE OF ACTION FOR PROFESSIONAL NEGLIGENCE**
**(Against Defendant Schwenk and Does 1-50)**

24. Plaintiff re-alleges all allegations above, with the same force and effect, as if they were set forth at length herein.

25. At all times relevant herein, Defendants, each of them, had a legal duty to use reasonable care as it related to Plaintiff's medical treatment, care, and diagnosis. Specifically that Defendants, had the legal duty to: (a) have the degree of learning and skill ordinary possessed by practitioners of the medical profession in the same locality, under similar circumstances, (b) to use the same degree of skill and care usually exercised by practitioners of the medical profession in the same locality, under similar circumstances, and (c) to use reasonable diligence in the application of the physician's learning and skill.

26. On or about May 12, 2020, Plaintiff, a patient in labor at DESERT REGIONAL, operated and authorized by the CALIFORNIA HEALTH AND HUMAN SERVICES, CALIFORNIA DEPARTMENT OF PUBLIC HEALTH, and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, underwent a surgical procedure known as a cesarean delivery, also known as a c-section, to deliver her fetus through an incision in her abdomen and uterus.

27. The procedure was performed by defendant SCHWENK, who, during the course of the procedure, inadvertently injured Plaintiff's colon; at which point a general surgeon, Dr. Jamieson, was called into the labor and delivery room "stat" for a consultation.

28. Dr. Jamieson treated Plaintiff's colon injury by performing a procedure known as a sigmoid resection and fixing Plaintiff with a colostomy bag. Thereafter, Plaintiff was discharged from DESERT REGIONAL with the colostomy bag still inserted.

29. The injury to Plaintiff's colon caused Plaintiff to suffer extreme abdominal and back pain, as well as chills and rigors in the days following her discharge from DESERT REGIONAL. Being in such condition prevented Plaintiff from holding, caring for, or enjoying her time with her newborn infant.

30. Further, the injury caused Plaintiff to require further medical treatment, including on or about May 16, 2020, when Plaintiff was forced to visit an emergency medical room due to her suffering from a high fever and extreme abdominal pain.

31. Plaintiff is informed and believes that, Defendant SCHWENK was careless in his performance of the cesarean section procedure performed on Plaintiff, and that such carelessness resulted in the injury to Plaintiff's colon, the need for additional follow up care, Plaintiff suffering extreme physical pain, and Plaintiff losing valuable and irreplaceable time with Plaintiff's newborn infant.

32. Defendants, and each of them, breached said legal duties when they failed to use the knowledge, skill and care ordinarily exercised by members of their community in their performance of the cesarean delivery procedure.

33. Defendants' negligence and/or recklessness, and their failure to exercise the level of ordinary care Defendants are held to was a substantial factor in causing Plaintiff's harm as Defendants' failure to exercise reasonable medical care, including Defendants injuring Plaintiff's colon, resulted in Plaintiff suffering extreme physical pain, Plaintiff necessitating follow up medical treatment that would not have been needed but for the injury, and Plaintiff missing out on valuable time with her new born infant.

34. By reason of the foregoing, Plaintiff has been required to employ the services of hospitals, physicians, surgeons, nurses and other professional services, and Plaintiff has been compelled to incur expenses for medical services and supplies, in an amount according to proof at trial.

35. That, as a further proximate result of the conduct of Defendants, and each of them, Plaintiff has sustained further damages including but not limited to, pain and suffering and emotional distress, all in an amount according to proof at trial.

**SECOND CAUSE OF ACTION FOR PROFESSIONAL NEGLIGENCE**
**(Against Defendant DESERT REGIONAL, CALIFORNIA DEPARTMENT OF PUBLIC HEALTH, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, and Does 1-50)**

36. Plaintiff re-alleges all allegations above, with the same force and effect, as if they were set forth at length herein.

37. On or about May 12, 2020, Plaintiff, a patient in labor at DESERT REGIONAL, operated and authorized by the CALIFORNIA HEALTH AND HUMAN SERVICES, CALIFORNIA DEPARTMENT OF PUBLIC HEALTH, and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, underwent a surgical procedure known as a cesarean delivery, also known as a c-section, to deliver her fetus through an incision in her abdomen and uterus.

38. The procedure was performed by defendant SCHWENK, who, during the course of the procedure, inadvertently injured Plaintiff's colon; at which point a general surgeon, Dr. Jamieson, was called into the labor and delivery room "stat" for a consultation.

39. Dr. Jamieson treated Plaintiff's colon injury by performing a procedure known as a sigmoid resection and fixing Plaintiff with a colostomy bag. Thereafter, Plaintiff was discharged from DESERT REGIONAL with the colostomy bag still inserted.

40. The injury to Plaintiff's colon caused Plaintiff to suffer extreme abdominal and back pain, as well as chills and rigors in the days following her discharge from DESERT REGIONAL. Being in such condition prevented Plaintiff from holding, caring for, or enjoying her time with her newborn infant.

41. Further, the injury caused Plaintiff to require further medical treatment, including on or about May 16, 2020, when Plaintiff was forced to visit an emergency medical room due to her suffering from a high fever and extreme abdominal pain.

42. Plaintiff is informed and believes that, Defendant SCHWENK was careless in his

performance of the cesarean section procedure performed on Plaintiff, and that such carelessness resulted in the injury to Plaintiff's colon, the need for additional follow up care, Plaintiff suffering extreme physical pain, and Plaintiff losing valuable and irreplaceable time with Plaintiff's newborn infant.

43. Defendant DESERT REGIONAL, operated and authorized by the CALIFORNIA HEALTH AND HUMAN SERVICES, CALIFORNIA DEPARTMENT OF PUBLIC HEALTH, and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, undertook to provide professional medical services to Plaintiff by way of labor and delivery services, and medical personnel within its employ and control, including Defendant SCHWENK.

44. Defendant SCHWENK, was at all times relevant herein, an agent of Defendant DESERT REGIONAL, operated and authorized by the CALIFORNIA HEALTH AND HUMAN SERVICES, CALIFORNIA DEPARTMENT OF PUBLIC HEALTH, and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, when the relevant aforementioned acts of professional negligence were committed by Defendant SCHWENK. Furthermore, the relevant aforementioned acts of professional negligence were committed by Defendant SCHWENK within the scope of his employment with Defendant DESERT REGIONAL, CALIFORNIA HEALTH AND HUMAN SERVICES, CALIFORNIA DEPARTMENT OF PUBLIC HEALTH, and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES. Accordingly, Defendants DESERT REGIONAL, CALIFORNIA HEALTH AND HUMAN SERVICES, CALIFORNIA DEPARTMENT OF PUBLIC HEALTH, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, and SCHWENK, and each of them, are liable for the acts of professional negligence committed by Defendant SCHWENK.

45. At all times relevant herein, Defendants, each of them, had a legal duty to use reasonable care as it related to Plaintiff's medical treatment, care, and diagnosis. Specifically that Defendants, had the legal duty to: (a) have the degree of learning and skill ordinary possessed by practitioners of the medical profession in the same locality, under similar

circumstances, (b) to use the same degree of skill and care usually exercised by practitioners of the medical profession in the same locality, under similar circumstances, and (c) to use reasonable diligence in the application of the physician's learning and skill.

46. Defendants, and each of them, breached said legal duties when they failed to use the knowledge, skill and care ordinarily exercised by members of their community in their performance of the cesarean delivery procedure.

47. Defendants' negligence, and/or recklessness, was a substantial factor in causing Plaintiff's harm as Defendants' failure to exercise reasonable medical care including, including Defendants injuring Plaintiff's colon, resulted in Plaintiff suffering extreme physical pain, Plaintiff necessitating follow-up medical treatment that would not have been needed but for the injury, and Plaintiff missing out on valuable time with her new born infant.

48. By reason of the foregoing, Plaintiff has been required to employ the services of hospitals, physicians, surgeons, nurses and other professional services, and Plaintiff has been compelled to incur expenses for medical services and supplies in an amount according to proof at trial.

49. That, as a further proximate result of the conduct of Defendants, and each of them, Plaintiff has sustained further damages including but not limited to, lost wages, pain and suffering and emotional distress, all in an amount according to proof at trial.

50. Plaintiff gave Notice of Intent to Sue on September 01, 2020 to Defendants and further on October 1, 2020, gave Notice of Intent to Sue and submitted the Standard Form 95 Claim for Damage, Injury, or Death.

51. Pursuant to Section 820 of the Government Code, DESERT REGIONAL, CALIFORNIA HEALTH AND HUMAN SERVICES, CALIFORNIA DEPARTMENT OF PUBLIC HEALTH, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES' agents and employees are liable to Plaintiff for her injuries as their employees' acts and omissions would subject them to liability to the same extent if they were private persons.

52. Pursuant to Section 815.2(a) of the Government Code, DESERT REGIONAL, CALIFORNIA HEALTH AND HUMAN SERVICES, CALIFORNIA DEPARTMENT

OF PUBLIC HEALTH, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES' agents and employees are liable to Plaintiff for her injuries because a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his/her employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.

53. Pursuant to Section 815.4 of the Government Code, DESERT REGIONAL, CALIFORNIA HEALTH AND HUMAN SERVICES, CALIFORNIA DEPARTMENT OF PUBLIC HEALTH, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES' agents and employees are liable to Plaintiff for her injuries because a public entity is liable for injury proximately caused by a tortious act or omission of an independent contractor of the public entity to the same extent that the public entity would be subject to such liability if it were a private person.

**THIRD CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(Against all Defendants)**

54. Plaintiff re-alleges all allegations above, with the same force and effect, as if they were set forth at length herein.

55. At all times relevant herein, Defendants, each of them, had a legal duty to use reasonable care as it related to Plaintiff's medical treatment, care, and diagnosis. Specifically that Defendants, had the legal duty to: (a) have the degree of learning and skill ordinary possessed by practitioners of the medical profession in the same locality, under similar circumstances, (b) to use the same degree of skill and care usually exercised by practitioners of the medical profession in the same locality, under similar circumstances, and (c) to use reasonable diligence in the application of the physician's learning and skill.

56. Defendants were at all times negligent in their rendition of Plaintiff's medical care, including but not limited to the injury they caused to Plaintiff's colon while performing the cesarean delivery procedure.

57. Defendants, and each of their negligence, was the proximate and legal cause of the resulting serious, severe and substantial, anguish, fright, horror, nervousness, grief, anxiety, worry, and shock endured and/or suffered by Plaintiff.

58. By reason of the foregoing, Plaintiff has been required to employ the services of hospitals, physicians, surgeons, nurses and other professional services, and Plaintiff has been compelled to incur expenses for medical services and supplies in an amount according to proof at trial.

59. That, as a further proximate result of the conduct of Defendants, and each of them, Plaintiff has sustained further damages including but not limited to, pain and suffering and emotional distress, all in an amount according to proof at trial.

60. Plaintiff gave Notice of Intent to Sue on September 01, 2020 to Defendants and further on October 1, 2020, gave Notice of Intent to Sue and submitted the Standard Form 95 Claim for Damage, Injury, or Death.

61. Pursuant to Section 820 of the Government Code, DESERT REGIONAL, CALIFORNIA HEALTH AND HUMAN SERVICES, CALIFORNIA DEPARTMENT OF PUBLIC HEALTH, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES' agents and employees are liable to Plaintiff for her injuries as their employees' acts and omissions would subject them to liability to the same extent if they were private persons.

62. Pursuant to Section 815.2(a) of the Government Code, DESERT REGIONAL, CALIFORNIA HEALTH AND HUMAN SERVICES, CALIFORNIA DEPARTMENT OF PUBLIC HEALTH, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES' agents and employees are liable to Plaintiff for her injuries because a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his/her employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.

63. Pursuant to Section 815.4 of the Government Code, DESERT REGIONAL, CALIFORNIA

HEALTH AND HUMAN SERVICES, CALIFORNIA DEPARTMENT OF PUBLIC HEALTH, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES' agents and employees are liable to Plaintiff for her injuries because a public entity is liable for injury proximately caused by a tortious act or omission of an independent contractor of the public entity to the same extent that the public entity would be subject to such liability if it were a private person.

**PRAYER**

WHEREFORE, Plaintiff FLORENCE BRAVO, an individual, prays for Judgment against Defendants as follows:

1. Compensatory damages in a sum according to proof;
2. Exemplary damages in a sum according to proof.
3. General damages in a sum according to proof;
4. Special damages in a sum according to proof;
5. Sums incurred and to be incurred for services of hospital, physicians, surgeons, nurses and other professional services, ambulance services, x-rays and other medical supplies and services;
6. Loss of earnings/earnings capacity, in a sum according to proof;
7. For interest provided by law including, but no limited to, California Civil Code, Section 3291; and
8. For judgment interest pursuant to California Code of Civil Procedure section 685.010;
9. For costs of suit and for such other and further orders as the court may deem proper.

DATED: April 27, 2021

**CHUNG & IGNACIO, LLP**

By: ______________________

Carlo C. Ignacio, Esq.
Carol J. Najera, Esq.
Attorneys for Plaintiff,
Florence Bravo



**EXHIBIT 1 - 018**

**DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands a jury trial.

DATED: April 27, 2021

**CHUNG & IGNACIO, LLP**

By: ______________________
Carlo C. Ignacio, Esq.
Carol J. Najera, Esq.
Attorneys for Plaintiff,
Florence Bravo



CHUNG & IGNACIO LLP
8577 Haven Ave, Suite 306
Rancho Cucamonga, CA 91730
CERTIFIED MAIL
7019 1640 0000 9189 5361
FIRST-CLASS
US POSTAGE
$ 009.16
U.S. ATTORNEY'S OFFICE FOR CENTRAL DISTRICT OF CA
CIVIL DIVISION
FEDERAL BUILDING, SUITE 7516
300 NORTH LOS ANGELES STREET
LOS ANGELES, CA 90012
RE: THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES